IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
*MARTINSBURG DIVISION*

ELECTRONICALLY
FILED
Apr 19 2017
U.S. DISTRICT COURT
Northern District of WV

**JASON MURPHY,**

Plaintiff,

v.

3:17-CV-42 (Groh/Trumble)

Civil Action No. _____

Civil Action No. 17-M19C-00214 in the
Magistrate Court of Jefferson County,
West Virginia

**JET BLUE AIRWAYS CORPORATION
and SPIRIT AIRLINES, INC.**

Defendants.

## JOINT NOTICE OF REMOVAL TO FEDERAL COURT

**COME NOW**, Defendant Jet Blue Airways Corporation (hereinafter "Jet Blue"), by and through its counsel, Charles R. Bailey, James W. Marshall, III, Daniel T. LeMasters, and the law firm of Bailey & Wyant, PLLC, and Defendant Spirit Airlines, Inc. (hereinafter "Spirit"), by and through its counsel, Benjamin P. Warder and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, *et. al.*, and hereby file this Joint Notice of Removal to Federal Court (hereinafter "Notice of Removal") seeking to jointly remove this Civil Action from the Magistrate Court of Jefferson County, West Virginia, wherein it was filed as Civil Action No. 17-M19C-00214, to the United States District Court for the Northern District of West Virginia, Martinsburg Division. In support thereof, Jet Blue and Spirit jointly assert and aver the following:

### PROCEDURAL REMOVAL REQUIREMENTS

1. Plaintiff Jason Murphy (hereinafter "Plaintiff") originally commenced this Civil Action in the Magistrate Court of Jefferson County, West Virginia on or about February 27, 2017. A

copy of the Complaint served upon the Secretary of State of West Virginia is attached hereto as "Exhibit 1".

2. In the Complaint, Plaintiff asserts claims against Jet Blue and Spirit. *Id., generally.*

3. Plaintiff's claims allegedly arise out of his returning Spirit international flight to the United States of America from Colombia, South America. *Id.* at pp. 2-3. The Complaint asserts that Plaintiff's returning Spirit international flight departed Colombia to Baltimore, Maryland with a connecting flight through Fort Lauderdale, Florida. *Id.* at p. 2. Plaintiff's claims arise out of Plaintiff's departure flight from Colombia allegedly being delayed upon arrival in Fort Lauderdale, which allegedly resulted in Plaintiff missing his connecting flight to Baltimore. *Id.* at pp. 2-3.

4. The Complaint and Summons were served upon the West Virginia Secretary of State on March 21, 2017. *Id.*

5. This Civil Action became removable on or about March 21, 2017, when the Civil Action was served upon the West Virginia Secretary of State. Pursuant to 28 U.S.C. § 1446(b), Jet Blue and Spirit are required to file their Notice of Removal within thirty (30) days after the service of the Summons and the Complaint. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within the required thirty (30) days.

6. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Jet Blue and Spirit properly consented to the removal of this Civil Action from the Magistrate Court of Jefferson County, West Virginia, wherein it was filed as Civil Action No. 17-M19C-00214, to the United States District Court for the Northern District of West Virginia, Martinsburg Division.

7. Jet Blue and Spirit have jointly filed their *Notice of Filing of Joint Notice of Removal to Federal Court* (hereinafter "Notice of Filing") with the Clerk of the Magistrate Court of Jefferson County, West Virginia. *See* Notice of Filing, attached as "Exhibit 2".

8.  All pleadings filed in this Civil Action are attached. *See* "Exhibit 1"; "Exhibit 2". Additionally, the Magistrate Court of Jefferson County, West Virginia has instructed Jet Blue and Spirit that no docket sheet is available for this Civil Action.[1]

9.  Jet Blue and Spirit have requested that the Clerk of the Magistrate Court of Jefferson County, West Virginia provide a complete copy of the file with regards to this Civil Action to the Clerk of the United States District Court for the Northern District of West Virginia. *See* "Exhibit 2".

## STATUTORY GROUNDS FOR REMOVAL

10.  28 U.S.C. § 1441 provides, in pertinent part, that:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

(c)(1) If a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title [28 USCS § 1331]), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(a); 28 U.S.C. § 1441 (c)(1).

11.  Pursuant to 28 U.S.C. § 1331, Federal "district courts have original jurisdiction for all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* Specifically, the Federal Courts have jurisdiction over Plaintiff's claims due to them arising under a treaty of the United States commonly known as the Montreal Convention. The Montreal Convention is known officially as the "Convention for the Unification of Certain Rules for International Carriage

---

[1] Prior to the filing of this Joint Notice of Removal, Jet Blue's and Spirit's respective Counsels' Offices contacted the Clerk of the Magistrate Court of Jefferson County, West Virginia to request a copy of the docket for this Civil Action. The Clerk's Office instructed that docket sheets are not maintained in the Magistrate Court of Jefferson County, West Virginia.

by Air, May 28, 1999," and was officially adopted by the United States on November 4, 2003. *See Ehrlich v. American Airlines, Inc.*, 360 F.3d 366, 371-72 (2d Cir. 2004). The Montreal Convention provides the exclusive remedy for claims arising out of the carriage of international passengers by air and has been construed as having a complete preemptive effect over all claims within its scope. *See* Montreal Convention[2] Art. 29; *see also, El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 162, 174-75 (1999).

12. In the Complaint, Plaintiff alleges that the Montreal Convention applies to this Civil Action. *See* "Exhibit 1" at p. 2. Accordingly, Plaintiff's exclusive rights and remedies, if any, are those afforded pursuant to the Montreal Convention because Plaintiff's alleged claims and damages occurred in the course of an international round-trip flight terminating in the United States, and the United States is a state party to the Montreal Convention.

13. Thus, this Civil Action may be removed pursuant to 28 U.S.C. § 1441 because Plaintiff's claims arise under the Montreal Convention for which the Federal Courts have original jurisdiction. Moreover, Plaintiff is seeking damages for the alleged actions and inactions of Spirit and Jet Blue, for which the Montreal Convention contains specific conditions and limitations.

14. Furthermore, to the extent Plaintiff contends certain claims as presented are not subject to pre-emption and/or are not matters reserved for the exclusive jurisdiction of the Federal Courts, the Federal Courts retain supplemental jurisdiction over any and all remaining claims. 28 U.S.C. § 1367 provides, in pertinent part, that:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal Statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

---

[2] Article 29 of the Montreal Convention provides that: "In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention…"

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

15. As such, based upon the foregoing, it is evident that this Civil Action is one over which the Federal Courts have jurisdiction.

**WHEREFORE**, based upon the foregoing, Defendant Jet Blue Airways Corporation and Defendant Spirit Airlines, Inc. hereby remove this Civil Action from the Magistrate Court of Jefferson County, West Virginia, wherein it was filed as Civil Action No. 17-M19C-00214, to the United States District Court for the Northern District of West Virginia, Martinsburg Division, and request that this Civil Action proceed before the Federal Court as an action properly removed from the Magistrate Court of Jefferson County, West Virginia, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, *et al.*

Jet Blue Airways Corporation,

By Counsel,

/s/ Charles R. Bailey
Charles R. Bailey (WV Bar #0202)
James W. Marshall, III (WV Bar #10677)
Daniel T. LeMasters (WV Bar #12021)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
cbailey@baileywyant.com
jmarshall@baileywyant.com
dlemasters@baileywyant.com

Spirit Airlines, Inc.,

By Counsel,

/s/ Benjamin P. Warder
Benjamin P. Warder (WV Bar #11086)
PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC
261 Aikens Center, Suite 301
Martinsburg, WV 25404
T: 304.260.1200
F: 304.260.1208
bwarder@pffwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
*MARTINSBURG DIVISION*

**JASON MURPHY,**

    Plaintiff,

    v.

    Civil Action No. 3:17-CV-42
    Civil Action No. 17-M19C-00214 in the
    Magistrate Court of Jefferson County,
    West Virginia

**JET BLUE AIRWAYS CORPORATION
and SPIRIT AIRLINES, INC.**

    Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of foregoing **JOINT NOTICE OF REMOVAL TO FEDERAL COURT** was served upon the following parties through the Court Electronic Case Filing (ECF) system and facsimile on this day, Wednesday, April 19, 2017:

Jason Murphy
41 Indian Wells Court
Charles Town, WV 25414
Attorney For: Jason Murphy

Benjamin P. Warder
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
261 Aikens Center, Suite 301
Martinsburg, WV 25404
Attorney for: Spirit Airlines, Inc.

/s/ Charles R. Bailey
Charles R. Bailey (WV Bar #0202)
James W. Marshall, III (WV Bar #10677)
Daniel T. LeMasters (WV Bar #12021)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710

Charleston, West Virginia  25337-3710
T: 304.345.4222
F: 304.343.3133
cbailey@baileywyant.com
jmarshall@baileywyant.com
dlemasters@baileywyant.com